UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Benton W. Miller, | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| vs. | ) | |
| Union Pacific Railroad Company, a Delaware corporation, and Swift Transportation Company of Arizona, LLC, a Delaware corporation and Abdikadir Mohamed, | ) | |
| Defendants. | ) | |

**Complaint and Jury Demand**

COME NOW the Plaintiff, Benton W. Miller, and for his causes of action against Defendant, Union Pacific Railroad Company, a Delaware corporation, Defendant Swift Transportation Company of Arizona, LLC and Defendant Abdikadir Mohamed states and alleges as follows:

**Preliminary Statement**

1. This is an action to recover damages for personal injuries Plaintiff Benton W. Miller suffered during the course and scope of his employment with Defendant Union Pacific. Plaintiff Benton W. Miller's claim against Union Pacific is brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60. Plaintiff Benton W. Miller brings a separate negligence claim against Defendant Swift Transportation Company of Arizona, LLC and its employee, Abdikadir Mohamed under the common law of Nebraska.

**Parties**

2. That at all times relevant herein, Plaintiff Benton W. Miller was a resident and

citizen of North Platte, County of Lincoln, State of Nebraska.

3. That at all times material herein, Union Pacific was a duly organized corporation, incorporated in the state of Delaware with its principal offices at 1400 Dodge Street, Omaha, Nebraska 68179.

4. That at all times material herein, Swift Transportation Company of Arizona, LLC was a duly organized corporation, incorporated in the state of Delaware with its principal offices located at 2200 S. 75th Avenue, Phoenix, Arizona.

5. That at all times material herein, Abdikadir Mohamed was an individual residing in Phoenix, Arizona 85008.

## Jurisdiction and Venue

6. The jurisdiction of this court over Benton W. Miller's claim against Defendant, Union Pacific, is invoked under 28 U.S.C. §1331, federal question jurisdiction, based on the Federal Employers' Liability Act, 45 U.S.C. §51.

7. The jurisdiction of this court over Benton W. Miller's claim against Defendant, Swift Transportation Company of Arizona, LLC and Abdikadir Mohamed is invoked under 28 U.S.C. §1367, supplemental jurisdiction, as a claim so related to the claim against Defendant, Union Pacific, that it forms part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Swift Transportation Company of Arizona, LLC, Abdikadir Mohamed and Union Pacific Railroad Company because they purposefully availed themselves of the privilege of conducting activities in the State of Nebraska, and the incident which is the subject of this lawsuit occurred in Nebraska creating sufficient minimum contacts with the State to permit this Court to exercise jurisdiction over them.

9. Venue of this lawsuit in this Court against Union Pacific is proper pursuant to 45 U.S.C. §56 which allows bringing a FELA lawsuit in a court where the cause of action arose or where Defendant is doing business.

10. Venue of this lawsuit in this Court against Swift Transportation Company of Arizona, LLC and Abdikadir Mohamed is proper pursuant to 28 U.S.C. §1391(d) which allows bringing a state-based claim in a court in which a corporation is subject to personal jurisdiction by virtue of its operations in the district.

### Facts

11. That at all times material herein, Defendant, Union Pacific owned and operated trains over tracks in the County of Cheyenne, State of Nebraska, and was and is engaged as a common carrier in interstate commerce.

12. That at all times material herein, Defendant Union Pacific employed Plaintiff as a conductor, and that at the time of the occurrence of the incident herein, all or part of Plaintiff's duties were in the furtherance of Union Pacific's business in interstate commerce.

13. That at all times material herein, Defendant Swift Transportation Company of Arizona, LLC, a domestic corporation, was engaged in the business of providing transportation services including in and through the State of Nebraska with principal offices in Phoenix, Arizona, Maricopa County.

14. That on or about December 21, 2015, Plaintiff, Benton W. Miller was in the course and scope of his employment working as a conductor for Defendant Union Pacific on a train traveling eastbound, approaching the crossing number 817842H in Cheyenne County, Nebraska.

15. At the same time and place, Defendant Abdikadir Mohamed was an employee of Defendant Swift Transportation Company of Arizona, LLC and operating a truck owned by

Defendant Swift Transportation Company of Arizona, LLC approaching crossing number 817842H.

16. Defendant Abdikadir Mohamed failed yield and stop the truck he was operating before obstructing the tracks as Plaintiff's train approached, resulting in a collision.

### CAUSES OF ACTION
### COUNT ONE-NEGLIGENCE
### (ABDIKADIR MOHAMED)

17. Plaintiff re-alleges all allegations contained in paragraphs 1-16 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

18. Defendant Abdikadir Mohamed had a duty to act reasonably and to use due care while driving the truck. He had a duty to maintain a proper lookout, to obey railroad crossing signs, to obey the laws and rules of the State of Nebraska, to maintain proper speed for the conditions and to control his vehicle to avoid a collision.

19. Defendant Abdikadir Mohamed's negligence consisted of, but is not limited to, the following:

    a) failing to stop at a stop sign and railroad crossing;

    b) failing to keep a proper lookout while operating his truck;

    c) failing to operate his truck in a reasonable and prudent manner;

    d) failing to maintain proper attention while operating the truck;

    e) failing to use reasonable and ordinary care under the circumstances;

    f) failing to stop as required by state law and Nebraska Statute 60-6,170 for an approaching railroad train; and,

    g) other acts of negligence.

20. That as a result, Plaintiff, Benton W. Miller was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization,

and will incur further like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; and suffered loss of enjoyment of life, all to his injury and damage.

**COUNT TWO – NEGLIGENCE**
**(SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC)**

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 19 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

21. At all times material hereto, Defendant Abdikadir Mohamed was an agent or employee of Defendant Swift Transportation Company of Arizona, LLC and acting within the scope of his employment or agency at the time of the aforementioned incident.

22. At all times material hereto, Defendant Swift Transportation Company of Arizona, LLC controlled or had the right to control the performance of Defendant Abdikadir Mohamed's duties.

23. The above-described acts of Defendant Abdikadir Mohamed were committed while in the scope of their agency and while furthering the business interests of Defendant Swift Transportation Company of Arizona, LLC.

24. As the principal for Defendant Abdikadir Mohamed, Defendant Swift Transportation Company of Arizona, LLC is responsible for all the acts committed by Defendant Abdikadir Mohamed while in the scope of their agency.

25. Defendant Abdikadir Mohamed's negligence, which is imputed to Defendant Swift Transportation Company of Arizona, LLC, consisted of, but is not limited to, the following:

a) failing to stop at a stop sign and railroad crossing;

b) failing to keep a proper lookout while operating his truck;

c) failing to operate his truck in a reasonable and prudent manner;

d) failing to maintain attention while operating a motor vehicle;

e) failing to use reasonable and ordinary care under the circumstances;

f) failing to stop as required by state law and Nebraska Statute 60-6,170 for an approaching railroad train; and,

g) other acts of negligence.

26. As the Principal for Defendant Abdikadir Mohamed, Defendant Swift Transportation Company of Arizona, LLC is responsible for the acts of Defendant Abdikadir Mohamed, who operated said vehicle in a negligent manner while in the scope of the agency, causing injuries, damages, and harm to Plaintiff.

27. That as a result, Plaintiff, Benton W. Miller was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; and suffered loss of enjoyment of life, all to his injury and damage.

## COUNT THREE – NEGLIGENCE
## UNION PACIFIC RAILROAD COMPANY

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 19 and 21-26 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

28. That the injuries and damages sustained by Plaintiff, Kyle M. Lawler were caused by the negligence of Defendant Union Pacific in violation of the Federal Employers' Liability Act, 45 U.S.C. §§51-60. Specifically, Defendant Union Pacific was negligent for:

a) Failing to inspect, repair and maintain the subject crossing;

b) Failing to properly grade the subject crossing;

c) Failing to warn motorists of the condition of the crossing; and

d) Failing to provide a reasonably safe place to work.

29. That as a result, Plaintiff, Benton W. Miller was injured, suffered pain in the past

6

and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; and suffered loss of enjoyment of life, all to his injury and damage.

### Jury Demand

Plaintiff, Benton W. Miller demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### Prayer for Relief

Plaintiff, Benton W. Miller prays for judgement against each Defendant for his damages together with costs and disbursements, prejudgment interest and such further relief as the Court deems appropriate and just.

Dated: December 7, 2018

William Kvas
HUNEGS, LeNEAVE & KVAS, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Minneapolis, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
wkvas@hlklaw.com

ATTORNEYS FOR PLAINTIFF