IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENTON W. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; ABDIKADIR MOHAMED, ABDINASIR DIRIE, and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company;<br><br>Defendants. | **8:18CV568**<br><br>**ORDER** |

Defendants Swift Transportation Company of Arizona, LLC ("Swift") and Abdikadir Mohamed ("Mohamed") have requested that the place of trial be changed from Omaha, Nebraska to North Platte, Nebraska. ([Filing No. 68](.).) Plaintiff has also requested that the trial of his claims be bifurcated from the crossclaims asserted by Union Pacific Railroad Company ("Union Pacific") against Swift, Mohamed, and Abdinasir Dirie ("Dirie"). ([Filing No. 71](.).) Each of these requests will be denied.

**BACKGROUND**

This case arises out of a collision between a Union Pacific train and a semi-trailer driven by Mohamed. The accident occurred at a railroad crossing near Sydney, Nebraska. At the time of the accident, Plaintiff was working as a conductor onboard the train.

Plaintiff's complaint asserts a Federal Employers' Liability Act ("FELA") claim against Union Pacific, as well as a negligence claim against Swift, Mohamed, and Dirie. Union Pacific

filed crossclaims against Swift, Mohamed, and Dirie. Union Pacific alleges Mohamed's negligence was the proximate cause of the accident. Union Pacific further alleges that Mohamed is responsible for costs associated with Plaintiff's FELA claim and damages sustained by Union Pacific, and that Swift is vicariously liable for the damages. Swift and Mohamed deny these allegations and contend that Union Pacific is responsible for the damages allegedly suffered by Swift.

## DISCUSSION

### 1. Place of Trial

Swift and Mohamed request that trial be moved to North Platte. Plaintiff and Union Pacific oppose the request.

When deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." *Ury v. Union Pacific Railroad Company*, No. 8:10CV116, 2010 WL 1957272, *2 (D. Neb. May 14, 2010) (quoting NECivR 40.1(b)(1)). The party seeking to change the place of trial bears the burden of establishing that the transfer should be granted. *Id*. The forum should not be disturbed "unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Id*. "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id*.

Swift and Mohamed argue that trial should occur in North Platte because the collision at issue occurred at a train crossing near Sydney, Nebraska, which is closer to North Platte than Omaha. They contend that jurors and experts may need to inspect the accident site. They also argue that North Platte is the more convenient forum because Plaintiff resides in North Platte, Plaintiff's treating physicians are in North Platte, and the first responders to the accident and other lay witnesses live closer to North Platte than Omaha. Swift and Mohamed acknowledge that Union Pacific's principal place of business is in Omaha, but point out that Union Pacific's locomotive repair yard, employees who repaired the locomotives, and employees who repaired the crossing at issue live closer to North Platte. Swift and Mohamed further contend that costs of hotels, meals and parking are lower in North Platte. Swift and Mohamed maintain that the only link this case has with Omaha is the location of Union Pacific's principal place of business and its local counsel.

Having considered the convenience of the litigants, witnesses, and attorneys, the Court finds that trial of this matter should occur in Omaha. Although Plaintiff lives in North Platte, he made the decision to file suit in Omaha. His choice of forum is entitled to great weight. *See Aumann Auctions, Inc. v. Phillips*, No. 8:07CV431, 2008 WL 687056, at *2 (D. Neb. Mar. 10, 2008) ("The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant."). While some witnesses are located closer to North Platte than Omaha, others reside in and around the Omaha area. For instance, Plaintiff has retained several expert witnesses who reside in Omaha. Moreover, Plaintiff anticipates conducting depositions in Omaha and calling multiple Union Pacific witnesses who are based out of Union Pacific's Omaha headquarters to testify at trial.

The convenience of counsel and most litigants in this case also supports an Omaha trial. Plaintiff requested trial in Omaha and Union Pacific's headquarters is in Omaha. Omaha is far more accessible to air-travel, which would seemingly make travel easier for Swift, Mohamed, and Dirie, who are all located out of state. Moreover, all the defendants have counsel in Omaha. Although Swift and Mohamed also have an attorney located in North Platte, "the convenience to the parties and any potential witnesses will outweigh any inconvenience to counsel." *Wanek v. Phillips & Cohen Assocs., Ltd.*, No. 4:09CV03248, 2010 WL 962952, at *2 (D. Neb. Mar. 11, 2010). The Court concludes that the balance of interests does not support changing the place of trial to North Platte.[1] A transfer of this case to North Platte would merely shift the inconvenience from one party to another.

### 2. Motion to Bifurcate

Plaintiff requests that the Court bifurcate his negligence and FELA claims from the crossclaims Union Pacific has brought against, Swift, Mohamed, and Dirie. Plaintiff argues bifurcation would eliminate delays. Plaintiff also maintains that the jury would be confused if all claims were handled in one trial. Plaintiff further argues that the outcome of the jury decision in Plaintiff's case could potentially determine issues raised in the crossclaims, thereby reducing or eliminating the need for a trial on the crossclaims.

---

[1] Plaintiff and Union Pacific also take issue with the timeliness of the request to change place of trial. It is unnecessary to address this argument due to the Court's finding that the convenience of the litigants, witnesses, and attorneys supports trial in Omaha.

3

Under Federal Rule of Civil Procedure 42(b) "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." [Fed. R. Civ. P. 42(b)](). District courts possess discretion in determining whether to bifurcate proceedings. [Logsdon v. BNSF Railway Co., No. 8:15CV232, 2017 WL 1411464, at *1 (D. Neb. March 21, 2007)](). "[T]he burden is on the party seeking bifurcation to demonstrate it will be prejudiced if the claims are not separate." *[Id]()*. "A party seeking severance has the burden of proving that separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party." *[Id]()*. "[C]ourts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially, . . . courts must balance the equities in ruling on a motion to bifurcate." *[Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000)]()* (internal quotation omitted).

Having carefully considered the matter, the Court will deny Plaintiff's motion to bifurcate. Plaintiff has not shown that he would be prejudiced by a joint trial. Plaintiff argues that a single trial will lead to jury confusion and that crossclaims related to property damage are inapposite to any inquiry presented in Plaintiff's claims. However, all claims in this action arise out of the same accident. Relative fault from the accident is the central determination necessary for all claims, affirmative defenses, and crossclaims. Bifurcation would prejudice Defendants because it would require them to present the same evidence in two separate trials. Plaintiff's concern regarding possible jury confusion can be handled at the time of trial through instruction to the jury. *See [Trading Techs. Int'l v. eSpeed, Inc., 431 F. Supp.2d 834 (N.D. Ill. 2006)]()*.

Bifurcation would not promote expeditious resolution of these claims. Rather, bifurcation would create delay and increase expense through duplicative proceedings. Moreover, bifurcation would not promote convenience as it is probable that separate trials would require at least some witnesses to testify twice regarding the same, or substantially the same, matters. A single trial, on the other hand, would promote judicial economy, reduce expense, and eliminate the potential for inconsistent results.

Accordingly,

**IT IS ORDERED:**

1. The request to change the place of trial ([Filing No. 68](#)) is denied.

2. Plaintiff's Motion to Bifurcate ([Filing No. 71](#)) is denied.

Dated this 18th day of February, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge