IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BENTON W. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; ABDIKADIR MOHAMED, ABDINASIR DIRIE, and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company;<br><br>Defendants. | 8:18CV568<br><br><br>ORDER |

Union Pacific Railroad Company ("Union Pacific") has moved for leave to take a second deposition of Abdikadir Mohamed ("Mohamed") (Filing No. 169). Swift Transportation Company of Arizona, LLC ("Swift") and Mohamed (collectively referred to herein as "Defendants") oppose the motion. For the reasons explained below, Union Pacific's motion will be granted.

## BACKGROUND

This case arises out of a collision between a Union Pacific train and a semi-trailer driven by Mohamed. The accident occurred at a railroad crossing near Sydney, Nebraska. At the time of the accident, Plaintiff Benton Miller ("Miller") was working as a conductor onboard the train.

Union Pacific deposed Mohamed in connection with this action on October 3, 2019. (Filing No. 136-11.) The deposition lasted approximately two hours and three minutes. (Filing No. 136-11.) Subsequently, on November 8, 2019, Union Pacific obtained an audio recording of a 911 call Mohamed made on the date of the collision. (Filing No. 136-15.) During parts of the call, Mohamed can be heard speaking to someone in Somali. (Filing No. 136, Ex. J.) A translation

of the call purportedly indicates Mohamed made the following statement: "I mean the smoke thing. Will they find something in my urine if I am tested?" (Filing No. 136-15.)

On August 27, 2020, Union Pacific filed a motion for summary judgment. (Filing No. 134.) In their September 17, 2020 brief in opposition to Union Pacific's motion for summary judgment (Filing No. 144), Defendants stated that they object to the admissibility of the translation of the 911 call based upon Federal Rules of Evidence 401-403, 701, 702, 801 and 802. Union Pacific filed the instant motion to depose Mohamed on October 29, 2020. (Filing No. 169.) On November 12, 2020, Defendants filed a motion in limine (Filing No. 189) seeking to exclude religious statements Mohamed made during the 911 call, as well as any references to "a smoke thing" made during the call. In that motion, Defendants argue the statements regarding "a smoke thing" should be excluded pursuant to Federal Rule of Evidence 401, 402, 403, 701, and 702 because an expert has not analyzed whether Mohamed was impaired or whether any alleged impairment was the cause of the collision.

## DISCUSSION

Union Pacific argues it should be permitted to depose Mohamed again because the audio recording and translation of the 911 call were discovered after Mohamed's first deposition. Union Pacific points out that discovery regarding the 911 call is particularly important now because Swift and Mohamed have challenged the admissibility and relevance of the 911 call and translation. (Filing No. 144.) The Court agrees.

"Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party must obtain leave of court to take a deposition if the parties have not stipulated to the deposition, and the deponent has already been deposed in the case." *York v. Union Pac. R.R. Co.*, No. 8:08CV507, 2009 WL 3633827, at *1 (D. Neb. Oct. 30, 2009). Rule 30(a)(2) states that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) sets out the scope of discovery, providing that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) adds that information "within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Under Rule 26(b)(2), a court must limit the frequency or extent of discovery if:

2

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). The "availability of a second deposition is left to the discretion of the trial court." *Perry v. Kelly–Springfield Tire Co., Inc.,* 117 F.R.D. 425, 426 (N.D. Ind. 1987).

The Court finds that discovery regarding the 911 call is relevant to the issues in this suit. This is especially true now that Defendants assert that the audio of the 911 call and its translation are inadmissible. Mohamed claims the 911 call and its translation are irrelevant because the complaint and crossclaim do not allege that Mohamed was impaired on the night of the accident. Mohamed argues the absence of any evidence from any lay or expert witnesses asserting the accident was caused because Mohamed was impaired makes evidence regarding Mohamed's reference to "smoking" in the 911 call irrelevant. However, the 911 call and its translation provide insight into Mohamed's state of mind and observations around the time of the collision. And, regardless of their ultimate admissibility, Defendants' are still entitled to discovery regarding the 911 call, including information as to whether Mohamed disputes the accuracy of the translation.

The Court further finds that allowing a second deposition for questioning related to the 911 call and its translation would not be duplicative or cumulative. Union Pacific did not have the audio of the 911 call or its translation at the time of Mohamed's initial deposition. Thus, Union Pacific was unable to ask specific questions about them during the deposition. Courts have permitted litigants to take second depositions in situations such as these "where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." *Keck v. Union Bank of Switzerland,* 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997). *See also Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 692 (D. Kan.1996) (finding that production of document containing statement by witness following a first deposition warranted a second deposition); *Fuller v. United States,* No. 8:09-CV-00377-LSC-FG3, 2011 U.S. Dist. LEXIS 19003 (D. Neb. Jan. 21, 2011) (granting leave to take a second deposition when documents were obtained

after the initial deposition). Defendants' contention that Mohamed's testimony regarding the 911 call and its translation would be duplicative or redundant is unpersuasive given that the information was not in Union Pacific possession at the time of the initial deposition. *See [Benson v. Giordano, No. Civ. 05–40882007, WL 2355783, at \*2-3 (D.S.D. Aug. 17, 2007)](...)* ("[Defendant's] argument that plaintiff's request for a second deposition is unreasonably cumulative or duplicative carries little weight given that [Plaintiff] received new documents and records . . . months after deposing [Defendant]").

Additionally, Union Pacific cannot obtain the information it seeks from another source. Contrary to Defendants' assertion, written discovery, an affidavit from Mohamed, or testimony from Mr. Aden (Mohamed's passenger at the time of the collision), regarding the 911 call and translation are insufficient substitutes for Mohamed's deposition testimony. Union Pacific is entitled to directly ask Mohamed questions through a deposition, and not simply rely upon answers to written discovery. Further, Union Pacific should not be made to rely upon the word of another individual who, to the Court's understanding, was not present during the entirety of the call. There are some questions that can only be answered fully by Mohamed himself, such as those related to his state of mind and observations during the 911 call, why he made certain statements, what he meant by those statements, and whether he disputes the translation of the call and why or why not.

The Court disagrees with Defendants' assertion that Union Pacific delayed in seeking to depose Mohamed again. Union Pacific became aware that there would be a dispute regarding the admissibility of the 911 translation on September 17, 2020—when Defendants responded to Union Pacific's summary judgment motion. On October 5, 2020, Union Pacific's contacted Defendants' counsel regarding Union Pacific's desire to re-depose Mohamed. ([Filing No. 171-2](...).) Defendants' counsel would not agree to the deposition and the instant motion followed on October 29, 2020. The record does not reveal that Union Pacific had ample opportunity to obtain the information it now seeks or was not diligent in seeking the deposition.

The Court further concludes that the deposition would not be unduly burdensome. Defendants argue that COVID-19 has generated safety and other concerns which significantly complicates the requested discovery. Defendants contend Mohamed's need for a translator and for counsel to be in the same room as Mohamed during the deposition presents a heavy burden

4

that outweighs any potential benefit. The Court certainly appreciates Defendants' safety concerns stemming from the pandemic. Nevertheless, Union Pacific is entitled to the information it seeks and obtaining the information through a deposition, as opposed to written discovery where numerous objections and potential motions to compel could slow the discovery process, is the most efficient means to do so. Defendants' safety concerns due to COVID-19 can be mitigated through certain means, such as through a remote deposition.

For the reasons explained above, the Court finds good cause for the second deposition and it will be allowed. However, the second deposition will be limited in scope to questions stemming from the 911 call and its translation. *See* Ganci v. U.S. Limousine Serv., Ltd., 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) ("Where the deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information.").

Accordingly,

**IT IS ORDERED** that the Motion for Leave to Notice the Second Deposition of Abdikadir Mohamed (Filing No. 169) is granted. The parties shall immediately confer to schedule the deposition. The second deposition shall be limited in scope to questions stemming from the 911 call and its translation.

Dated this 8th day of February, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge